# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 21, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| HEATH BENDER, | * | No. 18-580V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Joel H. Lichtenstein*, Koskoff, Koskoff & Bieder, Bridgeport, CT, for Petitioner.
*Ryan D. Pyles*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On April 23, 2018, Heath Bender ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza ("flu") vaccine he received on November 8, 2016, caused him to suffer from small fiber neuropathy ("SFN"). Pet. at 1, ECF No. 1. On October 11, 2022, the parties filed a stipulation for award. ECF No. 66. I issued a Decision awarding damages consistent with the stipulation on October 28, 2022. ECF No. 67.

On November 1, 2022, Petitioner filed a "request for lawyers fee[.]" ECF No. 68. Petitioner's counsel stated that "[a]s to the matter of lawyer's fee, [his] request will not be in accordance with the regulations." *Id.* at 1. Counsel continued that his firm does not keep time records because they "only work on a contingency basis." *Id.* Counsel stated that he and his staff had not recorded their hours in this case. *Id.* He stated that "[c]onsequently, after speaking with [his] client . . . and with [Respondent's counsel, Petitioner's] request for a fee is 20% of the $160,000 settlement, which comes to $32,000.00." *Id.* Petitioner's counsel "recognize[d] that [his] fee request is not within the usual format. However, [he] leave[s] it to the special master to decide

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

. . . if [his] request is fair and reasonable." *Id.* at 2. Petitioner also requested $8,725.00 for attorneys' costs. *Id.*

On November 2, 2022, Respondent filed a response to Petitioner's request. ECF No. 69. Respondent stated that he "never agreed to an amount of fees and costs in this case and contrary to the suggestion in the [r]equest, [R]espondent's counsel especially never advised that 20% of the total award is or is not appropriate under the circumstances of the case." *Id.* at 1. Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent requested "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Respondent noted that "[P]etitioner should be required to file substantiating invoices and receipts for his request of costs." *Id.* at 3–4. Respondent stated that "even if detailed billing records cannot be provided, a total attorneys' fees request of $32,000.00 generally appears reasonable in a case that has been fully worked up with expert reports and in comparison to similarly-situated cases." *Id.* at 4.

On November 7, 2022, I ordered Petitioner to refile his motion for attorneys' fees and costs and to file substantiating invoices and receipts for his request of costs by November 21, 2022. Scheduling Order at 1–2, ECF No. 72. I noted that "Petitioner's counsel blatantly disregarded the instructions in Vaccine Rule 13, Section X of the Guidelines for Practice Under the National Vaccine Injury Compensation Program, my Initial Order, and my Order Regarding Attorneys' Fees and Costs." *Id.* at 1 (citing ECF Nos. 5–6). I stated that Petitioner's request for attorneys' fees and costs "will not be considered as is[,]" and I reminded Petitioner that the Program does not allow contingency fees. *Id.* I stated that "[i]f Petitioner's counsel wishes to receive an award of fees in this case, he must provide support for this request as outlined in the Program's procedures and my Orders." *Id.* Noting that Petitioner had already indicated he was unable to provide time records, I ordered Petitioner to "refile his motion for attorneys' fees and costs to include evidence from analogous prior Program cases to establish that the amount of fees requested is reasonable for the work performed in this case[.]" *Id.* at 1–2.

On November 15, 2022, Petitioner refiled his request as a motion for attorneys' fees and costs and enclosed documentation of his expenses regarding his expert reports. Pet'r's Mot., ECF No. 73; Pet'r's Ex. 28, ECF No. 73-1. Petitioner stated that "[a]s to attorney fees, Petitioner's attorney had already advised the [C]ourt that its request was not in accordance with the rules and regulations and [P]etitioner's attorney has explained why." Pet'r's Mot. at 1. He noted that he was not requesting a contingency fee but instead an amount he believed to be reasonable for the work performed in this case. *Id.* at 2. Petitioner's attorney continued that he "believe[s] that the special master has great latitude when it comes to fees and that the special master can clearly determine whether [his] request was reasonable." *Id.* Petitioner's counsel continued that he is "prepared to except [sic] a no fee award in that [he] did not follow the rules and regulations, and just accept the costs for [his expert's] involvement if the special master agrees that [he has] properly requested these costs." *Id.* Petitioner did not cite to any prior Program cases to support his requested amount. Instead, his counsel stated that he "certainly would prefer to receive [his] requested fee with the indulgence of the special master." *Id.*

On November 17, 2022, Respondent filed a response and indicated that he maintains his position from his November 2, 2022 response. ECF No. 75 at 1. This matter is now ripe for consideration.

### I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Avera,* 515 F.3d at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners in the Program bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

#### A. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). In this case, Petitioner has not specified a rate request for his attorney. Therefore, I cannot evaluate whether his attorney's requested rate is reasonable.

#### B. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Billing for administrative tasks is not appropriate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included

within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Hum. Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Hum. Servs.,* No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch,* 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Petitioner has requested attorneys' fees of $32,000.00, 20% of the settlement award. Despite the clear and repeatedly communicated Program rules, Petitioner has failed to present any evidence to support a determination of whether his attorney is billing for a reasonable number of hours in this case. Although Petitioner failed to follow Program rules, I afforded him an opportunity out of courtesy to present alternative evidence. However, instead of taking that opportunity, Petitioner refused to submit any alternative evidence and stated that he was prepared to accept no fee award. Nevertheless, Petitioner still requested an award of attorneys' fees. It is Petitioner's responsibility to submit evidence to support his request for fees. It is the special master's job to evaluate the submitted evidence in accordance with the legal standards, not to search for evidence when a petitioner fails to submit it.

This is not a contingency court, but there is a need in the Program for competent counsel who can resolve cases short of a hearing. Respondent has noted that Petitioner's requested fee award appears reasonable when compared to similarly situated cases. Because this case settled following four years and multiple rounds of expert reports, it is clear that work has been done in this case on behalf of Petitioner. Although Petitioner's counsel's advocacy was successful, counsel must also fulfill his responsibility pursuant to Court orders and the statute for payment of fees. I find that Petitioner's failure to present the required evidence in support of his fees requests results in a total reasonable reduction of fifty percent. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of **$16,000.00.** Petitioner's counsel is warned that he will not be afforded this courtesy in future cases, and any motion for fees without the necessary documentation will be denied in full.

### C. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,725.00 in attorneys' costs, comprised of fees paid to Petitioner's expert, Dr. Jeffrey Gross, for expert reports submitted in this case. Pet'r's Mot. at 1. Petitioner has provided adequate documentation of these expenses, and they appear reasonable for the work performed in this case. *See* Pet'r's Ex. 28 at 2–9. Accordingly, Petitioner is entitled to final attorneys' costs in the amount of **$8,725.00.**

## II. Conclusion

Petitioner's motion is hereby **GRANTED**. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $32,000.00 |
|---|---|
| (Reduction to Fees) | - ($16,000.00) |
| **Total Attorneys' Fees Awarded** | **$16,000.00** |
| | |
| Attorneys' Costs Requested | $8,725.00 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,725.00** |
| | |
| **Total Attorneys' Fees and Costs** | **$24,725.00** |

Accordingly, the undersigned awards a lump sum in the amount of **$24,725.00** to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Mr. Joel Lichtenstein, for final attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the above Decision.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.